In re Patrick W. REILLY and Betty Ann D. Reilly, Debtors.

**Anthony S. Novak, Trustee, Patrick W. Reilly, Plaintiffs–Appellees,**

v.

**James W. Sherman, Defendant–Appellant.**

**Docket No. 01–5072.**

United States Court of Appeals, Second Circuit.

May 14, 2002.

James W. Sherman, Somers, CT, pro se.

Patrick W. Boatman, Boatman, Boscarino, Grasso & Twachtman, Glastonbury, CT, for Appellees.

Present FEINBERG, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by appellant *pro se* and by counsel for appellees.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court dated July 17, 2001, be and it hereby is affirmed.

Defendant James W. Sherman appeals from a July 17, 2001 Ruling on Motion for Reconsideration ("July 17 order") of the United States District Court for the District of Connecticut, Gerard L. Goettel, *Judge,* dismissing his appeal from a ruling of the bankruptcy court as untimely. The district court's July 17 order retracted its Ruling on Motions To Dismiss dated June 11, 2001 ("June 11 decision"), which had exercised leniency in excusing Sherman's failure to file a timely notice of appeal. The July 17 order was entered after the bankruptcy trustee called to the court's attention that Sherman is an attorney, and the court concluded that although the late filing of the notice of appeal would be excusable for a person who was not represented by counsel, it was not excusable for an attorney. On appeal, Sherman contends that the court had no basis for reversing its June 11 decision because that decision was not based on "the *pro se* policy of leniency." (Sherman brief on appeal at 2.) That contention is squarely contradicted by the record.

In the penultimate paragraph of the June 11 decision, the court noted "the admonition of the Second Circuit regarding the leniency to be afforded *pro se* litigants," and, in finding that Sherman's failure "was the result of excusable neglect," it stated that "[w]ere Sherman not *pro se,* the Court might not be as lenient." June 11 decision at 3. The court noted that it had been unaware at the time of its June 11 decision that Sherman is an attorney and that nothing in the records alerted the court to that fact. *See* July 17 order at 1. It was well within the bounds of the court's discretion to determine that because Sherman is an attorney his neglect was not excusable and to retract the leniency it had mistakenly conferred.

We have considered all of Sherman's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.